**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ADVANCING AMERICAN FREEDOM
801 Pennsylvania Ave. N.W., Suite 930
Indianapolis, IN 46204

THE HERITAGE FOUNDATION,
214 Massachusetts Ave. N.E.
Washington, D.C. 20002

MIKE HOWELL
214 Massachusetts Ave. N.E.
Washington, D.C. 20002

HERITAGE ACTION FOR AMERICA
214 Massachusetts Ave. N.E.
Washington, D.C. 20002

*Plaintiffs*,

v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., N.W.
Washington, D.C. 20408

*Defendant*.

Case No. 23-cv-743

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs ADVANCING AMERICAN FREEDOM, THE HERITAGE FOUNDATION, MIKE HOWELL, HERITAGE ACTION FOR AMERICA, (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF JUSTICE ("DOJ" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of records related to DOJ's actions concerning pregnancy resource centers and the Department's possible failure to provide pro-life organizations victimized by crime with equal justice under law.

2. Highly controversial issues like abortion and the role of religion in society understandably arouse passions that lead to heated debate. But in whatever form, that debate is a good thing because freedom of speech is essential to the functioning of our Republic. In America, even the most controversial of issues are resolved "by citizens trying to persuade one another and then voting."[1]

3. Plaintiffs seek equal treatment under the law. As Attorney General Merrick Garland put it: "As I said at the announcement of my nomination, those norms require that like cases be treated alike. That there not be one rule for Democrats and another for Republicans; One rule for friends and another for foes[.] . . . Together, we will show the American people by word and deed that the Department of Justice pursues equal justice and adheres to the rule of law."[2]

4. This case concerns a potential departure from these vital first principles. In the past several years, this Country has seen a dramatic increase in violence against religious and pro-life organizations. But while the Department of Justice has aggressively enforced federal criminal laws to protect "pro-choice" and other organizations espousing the Administration's favored political or policy views, all publicly available evidence indicates that the Department's response

---

[1] *Planned Parenthood v. Casey*, 505 U.S. 833, 979 (1992) (Scalia, J., concurring in part and dissenting in part).

[2] Hon. Merrick Garland, *Remarks to DOJ Employees on his First Day* (Mar. 11, 2021), *found at* https://www.justice.gov/opa/speech/attorney-general-merrick-garland-addresses-115000-employees-department-justice-his-first (last visited Mar. 15, 2023).

to this increased violence against religious and pro-life organizations has been anemic at best.[3] Indeed, the House of Representatives recently adopted H. Con. Res. 3, which states, "the Biden Administration has failed to take action to respond to the radical attacks on pro-life facilities, groups, and churches, or to protect the rights of these organizations."[4] Plaintiffs' FOIA Request seeks to shed light on this apparent viewpoint based disparate treatment.

## PARTIES

5. Plaintiff Advancing American Freedom ("AAF") is a 501(c)(4) non-profit organization. AAF advocates for conservative values by developing innovative policy solutions, strategies, coalitions, and messaging that builds upon the accomplishments of the last Administration and expands freedom for all Americans.

6. Plaintiff The Heritage Foundation ("Heritage") is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, *found at* https://www.heritage.org/about-heritage/mission (last visited Mar. 20, 2023). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

7. Plaintiff Mike Howell ("Howell") leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*. The Oversight Project is an initiative aimed at

---

[3] For the avoidance of doubt, Plaintiffs are not commenting on the merits of these prosecutions and condemn any unlawful violence or intimidation by violence, regardless of motivation. Rather, Plaintiffs cite them in that they raise questions concerning disparate enforcement of the Federal Criminal Code.

[4] H. Con. Res. 3, 118th Cong. (2023) (enrolled House).

obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight. The requests and analysis of information is informed by Heritage's deep policy expertise.

8. Plaintiff Heritage Action for America ("Heritage Action") is a social welfare organization tax exempt under section 501(c)(4) of the Internal Revenue Code. Heritage Action was established to promote and advocate for conservative principles such as free enterprise, limited government, individual freedom, traditional American values, and a strong national defense.

9. Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "uphold the rule of law, to keep our country safe, and to protect civil rights." *DOJ, About DOJ: Our Mission*, *found at* https://www.justice.gov/about#:~:text=Mission,and%20to%20protect%20civil%20rights. (last visited Mar. 20, 2023).

**JURISDICTION AND VENUE**

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DOJ's principal place of business is in the District of Columbia.

**BACKGROUND**

12. On December 15, 2021, CatholicVote transmitted a letter to Attorney General Garland and Assistant Attorney General for Civil Rights Kristen Clarke detailing "concerns over the disturbing increase in attacks against Catholic symbols, shrines, statues and churches across the United States over the past year." Letter from Brian Burch to the Hon. Merrick Garland & the

Hon. Kristen Clarke, at 1 (Dec. 15, 2021) (Ex. 1) ("CatholicVote Letter"). Highlighting this increase in attacks since May 2020, the CatholicVote Letter posited that "[t]hese incidents appear driven by animosity directed specifically at Catholics." *Id.* It "ask[ed] that the Department of Justice investigate these complaints and take appropriate action." *Id.*

13. The CatholicVote Letter also made three additional points relevant here. First, it noted that, facially, the foregoing conduct violates 18 U.S.C. § 247, which provides criminal liability for anyone who:

> [I]ntentionally defaces, damages, or destroys any religious real property, because of the religious character of that property, or attempts to do so; or (2) intentionally obstructs, by force or threat of force, including by threat of force against religious real property, any person in the enjoyment of that person's free exercise of religious beliefs, or attempts to do so.

18 U.S.C. § 247; *see* Catholic Vote Letter at 2. 18 U.S.C. § 247 is neutral as to religion, consistent with the Free Exercise Clause of the First Amendment.

14. Second, the CatholicVote Letter noted that there are a number of other "hate crime" statutes that criminalize conduct undertaken because of certain characteristics such as "race, ethnicity, sexual orientation and ancestry." *Id.* at 2. Again, such statutes are neutral, as they must be under the Establishment and Equal Protection Clauses. One who physically attacks an individual because they are white is as guilty as one who attacks an individual because they are African American. The CatholicVote Letter then observed that under the current Administration, the Department of Justice has been quick to tout prosecutions under "hate crime" statutes when they involve crimes against organizations whose political viewpoint aligns with the Administration. *Id.*

15. Third, the CatholicVote Letter submitted that in contrast to the Department's vigor in both prosecuting and raising awareness concerning many "hate crimes" committed against

groups with whom the Administration is politically or ideologically aligned, the Department "made no meaningful effort to raise awareness of, or address, the disturbing rise in hate-filled attacks on Catholic religious symbols, shrines, statues and churches." *Id.*

16. On June 2022, Plaintiffs, joined by other national organizations, transmitted a letter to Attorney General Garland and Assistant Attorney General Clarke "voic[ing] [their] . . . concerns over the increased attacks against churches, pregnancy resource centers and pro-life organizations in the aftermath of the leaked draft opinion in the Supreme Court case *Dobbs v. Jackson Women's Health Organization*." Letter from Brian Burch et al. to the Hon. Merrick Garland & the Hon. Kristen Clarke, at 1 (June 2022) ("June Letter") (Ex. 2).

17. The June Letter began by noting that the CatholicVote Letter's request that the Department investigate and prosecute "repeated attacks on churches in the United States" had been met with "public silence." *Id.* The June Letter then recounted disturbing instances of attacks—potentially motivated by the leaked draft majority opinion in *Dobbs*[5]—on houses of worship and pro-life organizations. *Id.* It hyperlinked to a running tally of instances of violence against Catholic properties maintained by the Committee for Religious Liberty of the United States Conference of Catholic Bishops, highlighted certain instances therein, and summarized that "[a] number of these incidents appeared to express hostility toward the Catholic Church because of its beliefs on the sanctity of life in the womb." *Id.*; *see also* Committee for Religious Liberty of the United States Conference of Catholic Bishops, *Backgrounder: Arson, Vandalism and Other Destruction at Catholic Churches in the United States*, *found at* https://www.usccb.org/committees/religious-liberty/Backgrounder-Attacks-on-Catholic-Churches-in-US#tab--_023 (last visited Mar. 15, 2023) (Ex. 3).

[5] 124 S.Ct. 2229 (2022).

18. The June Letter then submitted that the Department's response was woefully inadequate measured against the "severity" of the "continued assault on religious and pro-life groups because of their beliefs." *Id.* Accordingly, the June Letter called on the Department: "to publicly condemn these unlawful attacks; to commit to vigorous efforts to prevent them, and to investigate and prosecute them; and to proactively engage with the affected faith communities to ensure their concerns and security needs are being met." *Id.* The June Letter also requested a meeting with the Attorney General's Office and the Civil Rights Division to "discuss what plans are in the likelihood these attacks will intensify." *Id.* at 1–2.

**<u>Plaintiff's FOIA Request</u>**

19. Plaintiffs submitted their FOIA Request on September 30, 2022 ("Plaintiffs' FOIA Request" or "Request") (Ex. 4). Plaintiffs were joined on the Request by Americans United for Life, CatholicVote, the Center for Urban Renewal and Education, Concerned Women for America, The Ethics and Public Policy Center, FaithWins, the Family Research Council, For America, Human Coalition, Keystone Policy, Students for Life Action, and Susan B. Anthony Pro-Life America. The Request began by recounting the June Letter and the CatholicVote Letter and observing that the Department had "repeatedly failed to respond." *Id.* at 1–2. It then noted Plaintiffs' "serious concerns that the work of DOJ is being inappropriately politicized, as investigations into these acts of violence against organizations disfavored by the current administration are being slow-walked or outright ignored." *Id.* at 2.

20. The Request also reiterated Plaintiffs' call for the Department "to publicly condemn these unlawful attacks; to commit to vigorous efforts to prevent them, and to investigate and prosecute them; and to proactively engage with the affected faith communities to ensure their concerns and security needs are being met." *Id.* It also again repeated the request to meet with

the Office of the Attorney General and the Civil Rights Division "to discuss what plans are to ensure that these attacks never happen again." *Id.* To date, no such meeting has occurred.

21. In light of the Department's anemic response to a national issue of critical importance, the Request sought relevant records, to wit:

> 1. Any and all records relating to or concerning communications internal to the DOJ on the subject of crimes or investigations (potential or otherwise) of crimes against pro life organizations (including those communications where the DOJ is copied or blind copied).
>
> 2. Any and all records relating to or concerning communications between the DOJ and the Domestic Policy Council or the Executive Office of the President on the subject of crimes or investigations (potential or otherwise) of crimes against pro-life organizations (including those communications where the DOJ is copied or blind copied).
>
> 3. Any and all records relating to or concerning communications between the DOJ and any other entity (including outreach, as well as communications where the DOJ is copied or blind copied) on the subject of pregnancy resource centers (also known as "crisis pregnancy centers").
>
> 4. Any other records which, though not specifically requested, would have a reasonable relationship to the subject matter of this request.

*Id.* at 2–3. The Request sought records from the Office of the Attorney General, Deputy Attorney General, Associate Attorney General, Civil Rights Division, the Executive Office for United States Attorneys, and the Federal Bureau of Investigation for the period of December 15, 2021 to present. *Id.* at 1–2.

22. The Request also sought a fee waiver based on the importance of the issues underlying the Request as demonstrated by the on-going national debate, lack of commercial purpose for the Request, and Plaintiffs' intent to use responsive records to further public understanding and debate regarding the Department's response to attacks against organizations that "support pro life principles." *Id.* at 3–4.

**H. Con. Res. 3**

23. On January 11, 2023, a bipartisan majority of the House of Representatives passed H. Con. Res. 3 (Ex. 5). The Concurrent Resolution recounted the fact that "since the May 2, 2022, leak of the Supreme Court's draft opinion in *Dobbs v. Jackson Women's Health Organization*, individuals professing anti-life views have targeted, destroyed, or vandalized numerous pro-life facilities, groups, and even churches to further their radical cause." *Id.* at 2. It then itemized a number of such instances. *Id.* at 2–7.

24. H. Con. Res. 3 concluded by finding that "the Biden Administration has failed to take action to respond to the radical attacks on pro-life facilities, groups, and churches, or to protect the rights of these organizations" and by "call[ing] upon the Biden Administration to use all appropriate law enforcement authorities to uphold public safety and to protect the rights of pro-life facilities, groups, and churches." *Id.* at 7.

**DOJ's Failure to Adhere to Statutory Timelines**

25. On October 24, 2022, The Executive Office for United States Attorneys sent Plaintiffs a letter refusing to process the Request because a specific United States Attorney's Office was not specified in the Request. Letter from Kevin Krebs to Paul Teller, at 1 (Oct. 6, 2022) (Ex. 6). This Complaint does not address the Executive Office for United States Attorneys' response to the Request.

26. On February 27, 2023, The Federal Bureau of Investigation responded to the Request and closed it on the grounds that it did not "contain enough descriptive information to permit a search of our records." Letter from Michael G. Seidel to John Shelton, at 1 (Feb. 27, 2023) (Ex. 7). Plaintiffs have administrative appealed this denial. Letter from J. Marc Wheat to

the Hon. Bobak Talebian (Mar. 20, 2023) (Ex. 8). This Complaint does not address the FBI's response to the Request.

27. Plaintiffs have received no further communication from the Department concerning the Request.

28. 30 working days from September 30, 2022 is November 15, 2022.

**FIRST CLAIM FOR RELIEF**
**Violation FOIA, 5 U.S.C. §552**
**Failure to Conduct Adequate Searches for Responsive Records.**

29. Plaintiffs re-allege paragraphs 1–28 as if fully set out herein.

30. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

31. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

32. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

33. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

34. Defendant's failure to conduct searches for responsive records violates FOIA and the DOJ regulations.

35. Plaintiffs have a statutory right to the information they seek.

36. Defendant is in violation of FOIA.

37. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

38. Plaintiffs have no adequate remedy at law.

39. Plaintiffs have constructively exhausted their administrative remedies.

**SECOND CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

40. Plaintiffs re-allege paragraphs 1–39 as if fully set out herein.

41. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

42. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

43. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

44. Defendant is wrongfully withholding non-exempt records requested by Plaintiffs by failing to produce any records responsive to Plaintiffs' FOIA Request.

45. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

46. Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

47. Plaintiffs have a statutory right to the information they seek.

48. Defendant is in violation of FOIA.

49. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

50. Plaintiffs have no adequate remedy at law.

51. Plaintiffs have constructively exhausted their administrative remedies.

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

52. Plaintiffs re-allege paragraphs 1–51 as if fully set out herein.

53. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

54. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

55. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

56. The Request does not have a commercial purpose because Plaintiffs are 501(c)(3) or 501(c)(4) not-for-profits, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

57. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience." 5 U.S.C. § 552(a)(4)(a)(ii).

58. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

59. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

60. Plaintiffs have a statutory right to a fee waiver.

61. Defendant is in violation of FOIA by denying a fee waiver.

62. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

63. Plaintiffs have no adequate remedy at law.

64. Plaintiffs have constructively exhausted their administrative remedies.

## FOURTH CLAIM FOR RELIEF
## Violation of FOIA, 5 U.S.C. § 552
## Statutory Bar Against Charging Fees

65. Plaintiffs re-allege paragraphs 1–64 as if fully set out herein.

66. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

67. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

68. The Request does not have a commercial purpose because Plaintiff organizations are 501(c)(3) or 501(c)(4) not for profits, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

69. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience." 5 U.S.C. § 552(a)(4)(a)(ii).

70. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

71. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

72. Defendant has not determined "more than 5,000 pages are necessary to respond to this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the request." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

73. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have the Request processed without being charged any fees.

74. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

75. Plaintiffs have no adequate remedy at law.

76. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

B. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

D. Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

E. Retain jurisdiction over this matter as appropriate;

F. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G. Grant such other and further relief as this Court may deem just and proper.

Dated: March 20, 2023

Respectfully submitted,

/s/ Samuel Everett Dewey

SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation
Telephone: (202) 489-2969
Email: Roman.Jankowski@heritage.org

*Counsel for Plaintiffs Heritage Foundation & Mike Howell.*

/s/ Daniel D. Mauler
DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone: (202) 617-6975
Email: Dan.Mauler@heritage.org

*Counsel for Heritage Action for America*

/s/ J. Marc Wheat*
J. MARC WHEAT
(Virginia State Bar 39602)
General Counsel
Advancing American Freedom
801 Pennsylvania Avenue, N.W., Suite 930
Washington, D.C. 20004
Telephone: (202) 780-4848
Email:
mwheat@advancingamericanfreedom.com

*Counsel for Advancing American Freedom*
* Application for Admission Pending.